### Edmund Daggett *versus* Frederic Bartlett & *al.*

In an action upon a poor debtor bond, where the proceedings were regular, and the condition of the bond would have been performed, if the justices before whom the oath had been taken had both been of the *quorum*, instead of *quorum unus*, and where there was no legal interest in the debtor which was of any value to the creditor or from which he could have obtained any thing to pay his debt; *it was held*, that there was nothing to warrant a jury, under the poor debtor act of 1839, c. 366, in finding that the creditor had sustained any damage.

DEBT on a poor debtor's bond, dated April 13, 1840. Bartlett, the debtor, on June 6, 1840, having previously duly cited the creditor, appeared before " two justices of the peace, quorum unus," submitted himself to examination under oath, took the oath prescribed by law, was thereupon discharged by the justices from arrest, and they made the usual and proper certificate to the jailer of the County of Waldo.

Bartlett made this disclosure before the magistrates before the oath was administered.

" Question to said Bartlett. — What is your title or interest to any real estate ?

Answer. — I have no title or interest to any real estate in the world.

Question. — What is your interest in any personal property ?

Answer. — I have no personal property.

Question. — How is that property where you live ?

Answer. — That belongs to my wife."

The parties agreed, that the property referred to in the last question was conveyed to Bartlett's wife, and was by them immediately mortgaged back to secure the purchase money ; that it has never been paid for; that the mortgage has been foreclosed, and the title has become absolute in the mortgagee, although at the time of the disclosure Bartlett occupied it, and for one year after ; and that the annual income was one hundred dollars.

The parties agreed to submit the case for the decision of the Court, " to be decided upon the same principles and rules upon which it would be determined by a jury, if it was on trial before a jury, under the provisions of the first section of the statute of 1839, c. 366." If the Court should be of opinion that the jury, under the provisions of that statute, could legally find and assess the damages, if any, sustained by the plaintiff, *and if the jury should be of opinion that the plaintiff has sustained no damage,* and could legally return a verdict for the defendants, the plaintiff was to become nonsuit ; but if the Court should be of opinion, that the bond has become forfeited, and that the defendants could not avail themselves of the provisions of the act of 1839, c. 366, on trial before a jury, then the defendants were to be defaulted, and the plaintiff was to have judgment for his debt and costs.

*Harding,* for the plaintiff, said that neither of the alternatives in the condition had been performed. The statute required that the oath should be taken before two justices of the quorum. It was not so done in this case. Two justices, quorum unus, only means, that one must be of the quorum. *Gilbert* v. *Sweetser,* 4 Greenl. 484.

Here Bartlett disclosed a tenancy for life, the income of which was one hundred dollars each year. No oath should have been administered under such circumstances. It was a very extraordinary use of power in the legislature in passing this poor debtor act of 1839, and it should not be extended by

construction. Here one of the justices had no authority to administer the oath, and it was a mere nullity. The case should be submitted to a jury, and they have no authority to find, that the plaintiff has sustained no damages.

*W. Kelly,* for the defendants, said that this bond was conditioned to take the oath before two justices of the peace quorum unus, and had been strictly performed.

The disclosure does not show, that the debtor had any property. He had no interest in the land, and if he had, it might have been taken by the plaintiff. The appraising off of property takes place only when property is disclosed, which could not be taken on execution.

But if there has been a breach of the condition of the bond, it has occasioned no damage to the plaintiff, and there is nothing to submit to the jury. It was no injury to the plaintiff, that one of the justices had not a quorum commission. It is a case within the statute, both in letter and spirit.

The opinion of the Court was drawn up by

SHEPLEY J. — This suit is upon a poor debtor's bond. The act of February 8, 1839, c. 366, provides, that when it shall appear, that the principal in the bond has been allowed to take the oath by two justices of the peace *quorum unus,* or by two justices of the peace and of the *quorum,* or by a justice of the peace and a Judge of any Municipal Court, after notice of his intention to disclose the state of his affairs, the defendants shall have a right to have the action tried by a jury, who shall find and assess the damages, if any, the plaintiff has sustained. This case coming within the express provision of the statute, the only question is, whether it appears, that the plaintiff has sustained any damage. And there is nothing in the case to show, that the principal had any property at the time of taking the oath, unless he derived it from the estate conveyed to his wife, and by her with him conveyed in mortgage to secure the payment. That mortgage has been foreclosed; and it cannot be presumed without proof that the right of redemption was of any value to one, who must have paid the whole debt to

obtain the benefit of whatever interest the husband might have had in it. The debtor continued to occupy that estate for one year after the disclosure, and the income is stated to have been of the value of one hundred dollars. But he had no legal right to the possession of it; and no creditor could have obtained any thing from it even by the indulgence of the mortgagee, unless he could have found a purchaser of the equity. The debtor has received the income through the mere indulgence of the mortgagee without any legal right to it. There being no legal interest in the debtor, which was of any value to the creditor, or from which he could have obtained any thing to pay his debt; there is no proof, that he has sustained any damage ; and a nonsuit is to be entered.